## GEORGE MORRIS *v.* TOWN OF GREENWOOD.

1. EVIDENCE. *Municipal ordinance.   Preliminary proof.   Failure to object.*
   Where no objection was made in the court below to the introduction
   in evidence of a writing as the ordinance of a municipality, such
   failure to object will be treated, on appeal, as a waiver of prelim-
   inary proof of the character of the writing.

2. CRIMINAL LAW.   *Street tax.   Delinquency.*
   Where, in consideration of his keeping in repair a certain street, an
   employer has been authorized, by contract with the authorities of
   a municipality, to collect and retain the street tax of twenty-five
   of his employees, payment of said tax to his employer by one of
   said employees will not relieve him of liability to the municipality
   therefor, when it appears that, for two years preceding his delin-
   quency, the municipal authorities had, to his knowledge, refused
   to be bound by such contract, and had enforced payment of said
   tax by said employees to the proper municipal officer, a criminal
   prosecution not being a proper occasion for the settlement of mat-
   ters of contract between third parties.

From the circuit court of Leflore county.

Hon. R. W. Williamson, Judge.

George Morris, an employee of A. H. Barrett & Son, a concern doing a milling business in Greenwood, Miss., was liable for a street tax of $3, under an ordinance of that town; was reported delinquent by the town marshal, and prosecuted in the mayor's court, where he was convicted and fined. On his appeal to the circuit court, the same result was reached. The defense interposed was that he had paid the amount of his tax to A. H. Barrett & Son, who claimed that they had made a contract with the town authorities in 1892, whereby they were allowed the street tax of twenty-five of their mill hands for keeping up a certain street of the town adjacent to their property. The evidence showed that such a contract was entered into in writing, and had subsequently been destroyed by fire. There was also evidence going to show that A. H. Barrett & Son had incurred expense in keeping the street in repair, and that they claimed to be still doing so under the contract of 1892. It appeared from other evidence, however, that the twenty-five mill hands had paid their street taxes to the town marshal, though under protest, for the years 1893 and 1894, and that, in 1895, the town council, of which one of the firm of A. H. Barrett & Son was a member, passed an order allowing to the firm $150, in full discharge and settlement of all claim under the contract, which, by the same order, was annulled. A. H. Barrett & Son declined to receive the $150, save in payment of the street taxes of their hands that had been paid under protest in 1893 and 1894, and, in fact, have never received the money so allowed to them, being unwilling to accept the same in full settlement. The appellant, Morris, had paid A. H. Barrett & Son his street tax for 1895 prior to his arrest. On the trial, the plaintiff introduced in evidence a writing purporting to be two municipal ordinances, providing for a street tax of $3, and prescribing who should be liable for the same, and fixing a penalty for default in payment thereof.

It was not shown to have any relation to the town of Green-wood, nor was it proved in any way, but no objection thereto was offered by the defendant..

*W. T. Rush*, for the appellant.

The conviction of appellant was wrong for several reasons.

1. Under the contract with Barrett & Son, he became freed from all liability to the town, on payment to Barrett & Son of the amount of his street tax.

2. There is no proof in the record that the town had ever adopted the ordinance relied on by the prosecution.

The town was clearly authorized to make the contract with Barrett & Son.   Acts 1890, p. 350.   That they did make it, is equally clear, and the evidence shows that it was not to con-tinue for the year 1892 only, but as long as Barrett & Son complied with it by keeping the street in order.   4 Wait's Ac-tion & Defenses, p. 614; 1 Dillon on Mun. Corp., §§ 443, 447, 472, 473.   Barrett & Son, who had incurred considerable expense in performing the contract, had vested rights under it that could not be annulled by the order of the board abrogat-ing it.

There is no proof that the writings introduced as the ordi-nances of the town of Greenwood were ever adopted by the board of mayor and aldermen.   17 Am. & Eng. Enc. L., p. 262; Dillon on Mun. Corp., § 413; 4 Wait's Actions & Def., p. 613; 79 Ala., 48.

*Coleman & Somerville*, for the appellee.

The contract made by the board of mayor and aldermen with Barrett & Son was *ultra vires*, if designed to continue for more than one year.   The action of the town authorities in collecting the tax in 1893 and 1894, without claim therefor by Barrett & Son, shows that the contract was not regarded by the parties as a continuous one.   R. H. Barrett, now a member of the board, has resurrected it, and induced the board to allow $150

to his firm, but that does not change its character.    The record shows that it has been abrogated.    Under § 251 of the town ordinances, appellant was liable for the tax, and his delinquency has subjected him to the penalty prescribed by § 252 of the ordinances.    No question was raised in the lower court as to the validity of these ordinances.

COOPER, C. J., delivered the opinion of the court.

The defendant made no objection in the court below to the paper introduced as the ordinance of the town of Greenwood. If he had then interposed the objection that no proof had been made of the passage or publication of this ordinance, the defect would probably have been instantly corrected.    It is too late to raise an objection to the evidence based upon the lack of preliminary proof only.    The failure to object to the testimony offered as the ordinance was a waiver of the obligation resting on the town to make preliminary proof thereof.

The court properly adjudged the appellant to be guilty.    He was not a party to the agreement between the town and Barrett, and was neither bound by nor could take advantage of it.    For two years preceding his delinquency the municipal authorities had refused to be bound by the supposed agreement, and had collected street taxes from the employees of Barrett.    There is no suggestion in the record that the appellant was induced by the town authorities to pay the street tax due by him to Barrett.    On the contrary, it appears that, with knowledge of the fact that he would be required to work on the street or to pay the commutation tax, he paid to Barrett the sum due as his street tax.    He is not concerned in the controversy between the town and Barrett, and should leave the matters in dispute to be settled in a litigation by the parties in interest.    A criminal prosecution does not present a proper occasion for the settlement of matters of contract between third parties.

*Affirmed.*